

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2005

# Barr v. Camelot Forest

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2129

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Barr v. Camelot Forest" (2005). *2005 Decisions.* Paper 260.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/260

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2129
_____

EDWARD J. BARR,

Appellant

v.

THE CAMELOT FOREST CONSERVATION ASSOCIATION, INC.,
A Pennsylvania Corporation; JERRY RIZZO, in his individual capacity and
in his official capacity as President of the Camelot Forest Conservation
Association, Inc.; GERALD MAZUR, in his individual capacity and
in his official capacity as former President of the Camelot Forest Conservation
Association, Inc.; CAROL GREELEY, in her individual capacity and
in her official capacity as former Resident Manager for the Camelot Forest
Conservation Association, Inc.; THE OFFICE OF THE DISTRICT ATTORNEY FOR
THE COUNTY OF MONROE; MARK PAZUHANICH, in his official capacity as
former District Attorney for the County of Monroe; LESLIE DUTCHCOT, in her
individual capacity and in her official capacity as Assistant District Attorney;
ROBERT J. SNELL, in his individual capacity and in his official capacity
as a Stroud County Detective
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 04-cv-00911)
District Judge: James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
August 10, 2005

BEFORE: ROTH, McKEE and ALDISERT, CIRCUIT JUDGES

(Filed : November 3, 2005)

_____

OPINION

_____

PER CURIAM

Edward J. Barr appeals the order of the United States District Court for the Middle District of Pennsylvania granting the defendants' motions to dismiss his civil rights complaint pursuant to Federal Rule of Civil Procedure 12(b).

The underlying facts are well-known to the parties and are fully set forth in the District Court's Memorandum Opinion. We note only that Barr filed a complaint in the District Court in April 2004, which was amended in June 2004. Barr claimed that the named members of the Camelot Forest Preservation Association (the "Camelot defendants") arbitrarily invoked an old deed restriction common to all properties in the Camelot Forest development that prohibited the posting of "for sale" and/or "for rent" signs on properties without written permission of the Association. Barr continued to place for sale signs on Camelot Forest properties despite written notice from the Camelot defendants revoking their permission for him to do so. He contends that the Camelot Defendants stole and destroyed his for sale signs on at least eighty-eight separate occasions since 1998. Barr complained to the Pocono Mountain Regional Police Department about the alleged criminal activity. However, the police did not arrest or charge anyone. Barr then sought to lodge a private criminal complaint against the

2

Camelot defendants that County Detective Snell and the Monroe County District Attorneys (collectively the "County defendants") refused to prosecute. Barr alleged that the Camelot defendants' actions resulted in lost sales and business opportunities. He claimed that his First and Fourteenth Amendment rights were violated; he sought declaratory and injunctive relief under 18 U.S.C. §§ 241, 242 and 245 and 42 U.S.C. § 1983.

The defendants filed separate Rule 12(b) motions to dismiss. Both sets of defendants claimed that Barr's action was barred by the <u>Rooker-Feldman</u> Doctrine and by the <u>Younger</u> abstention, and that Barr failed to state a constitutional claim. The County defendants also claimed prosecutorial immunity. The District Court granted the dismissal motions, holding that the <u>Rooker-Feldman</u> Doctrine precluded all of Barr's claims except the alleged violations of federal criminal statutes, 18 U.S.C. §§ 241, 242 and 245.[1] The District Court dismissed the federal criminal statute claims because §§ 241, 242, and 245 are criminal offenses for which there is no civil remedy, and therefore, Barr lacked standing to bring them. Barr filed a timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District

---

[1] We disagree that <u>Rooker-Feldman</u> precludes this action. The doctrine does not apply to federal actions that simply raise claims previously litigated in state court unless the federal action invites the federal court to overturn the state court judgment. <u>See</u> <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 125 S.Ct. 1517 (2005). Although Barr's initial complaint appears to have presented such an invitation to the District Court, the amended complaint does not. Because it was not raised below, we decline to decide whether <u>res judicata</u> would have precluded Barr's federal claims.

3

Court's order granting dismissal pursuant to Rule 12(b)(6) is plenary. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). We accept as true all factual allegations in the complaint and will affirm a dismissal under Rule 12(b)(6) only if it is certain that no relief can be granted under any set of facts which could be proved. Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris Inc., et al., 171 F.3d 912, 919 (3rd Cir. 1999).

After a careful and independent review of the record, we will affirm judgment on the federal criminal statute claims as to all of the defendants for the reasons stated by the District Court in its memorandum opinion. As for the remaining claims, we will affirm dismissal in the defendants' favor on alternate grounds as further discussed below. See Univ. of Md. v. Peat Marwick Main & Co., 923 F.2d 269, 275 (3d Cir. 1991).

The First Amendment prohibits governmental, not private, infringement of free speech. Hudgens v. NLRB, 424 U.S. 507, 513 (1976). Similarly, the Fourteenth Amendment prohibits the state, not private individuals, from depriving any person of a constitutionally protected right. Shelley v. Kraemer, 334 U.S. 1, 13 (1948). Thus, as a threshhold matter, in order to make out a constitutional claim under the First and Fourteenth Amendments, Barr must allege state action. Likewise, under § 1983, Barr must show that the alleged deprivation was committed by a person acting under color of state law, in addition to alleging a deprivation of a constitutionally protected right. West v. Atkins, 487 U.S. 42 (1988); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.

4

1995).  Assuming all of Barr's allegations to be true, as we must, we conclude that there is no set of facts from which we can infer state action on the part of the Camelot defendants.  Here, acting on their own, without any state involvement, the Camelot defendants revoked their permission allowing Barr to place for sale signs on development properties and engaged in private enforcement of the regulation.  Absent any state action, the District Court properly dismissed the constitutional claims and § 1983 claims against the Camelot defendants for failure to state a claim upon which relief may be granted.

As for the County defendants, Barr asserts that the former and current District Attorneys for Monroe County wrongly refused to prosecute his private criminal complaint against the Camelot defendants.  Assuming that Barr has alleged the violation of a constitutionally protected right, prosecutorial immunity protects the District Attorneys from interference with their ability to exercise independent judgment "when deciding which suits to bring and in conducting them in court."  Imbler v. Pachtman, 424 U.S. 409, 424 (1976).  As for Detective Snell, Barr failed to state a claim of a deprivation of a constitutional right against him for assisting the District Attorney in handling Barr's private complaint.  Finally, Barr's suit against the Monroe County Office of District Attorney fails because the amended complaint is completely devoid of any allegation that an official policy, custom, or practice caused the alleged deprivation.  See Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978).

For the foregoing reasons, we will affirm the District Court's judgment dismissing

all of Barr's claims as to all defendants.